UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN KEITH WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5089** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL** | **SECTION "F" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Ryan Keith Williams ("Williams"), is an inmate housed at the Elayn Hunt Correctional Center at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983.Williams filed this complaint against the Orleans Parish Sheriff's Office ("OPSO"), Sheriff Marlin N. Gusman, Timothy Ducree, and Arimark Food Services ("Arimark"). R. Doc. 1.

Williams alleges that on September 16, 2016 after attending a court hearing that he was given a sandwich bag that had been prepared by Arimark. *Id.* at p. 4. After eating the sandwich, Williams states that he learned that the sandwich was over twenty-four hours old and should not have been given to him. *Id.* at p. 5. Williams alleges he began to vomit approximately twenty to thirty minutes and was sent to the medical wing, where he was given some medicine. *Id.* When he returned to his housing module, Williams states that he again vomited. While he states that the medical wing was informed of his condition, he was not seen at that time. *Id.* He attempted to rest,

but was awakened by pain and could barely walk. *Id.* Williams states that he was then sent to the medical wing and placed in a holding tank for close to an hour before being sent to University Medical Center. *Id.* While waiting over three hours at the hospital, Williams allegedly vomited two more times and the pain began to subside. He was allegedly diagnosed with gastroenteritis caused by bacteria in his stomach. Williams alleges that he was prescribed medicine but that it was ineffective in treating his pain. He states that he contacted Defendant Timothy Ducree the head dietician for Arimark at OPSO.

Since that incident, he states that he has stopped eating meat and the food provided by OPSO out of fear. *Id.* at p. 6. He states that has lost weight as a result and has had continued stomach pain to the point of receiving medicine at Elayn Hunt Correctional Center. He states that the Defendants have a complete and deliberate indifference to the health, safety, and welfare of the inmates, including the Plaintiff.

Williams seeks damages for the emotional distress and fear of eating institutional prepared foods and severe weight loss. *Id.* at p. 7. He also seeks damages for actual pain and suffering. *Id.* He seeks $25,000 from the Defendants.

## II.     **Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.   The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).   However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Improper Defendants**

    **A.    Orleans Parish Sheriff's Office**

Williams has named OPSO as a defendant in this action. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002)). *See also Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D.La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sherif Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D.La. Sept. 18, 2006). As such, the claims against OPSO are also frivolous and otherwise fail to state a claim for which relief can be granted.

**B.     Sheriff Marlin Gusman and Timothy Ducree**

Williams has also named Sheriff Marlin Gusman and Timothy Ducree, the head dietician for Arimark, as defendants in this action seemingly because Gusman is in charge of OPSO and Ducree is in charge of food services. However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Williams has not alleged that Sheriff Gusman nor Ducree were personally involved in serving him the day-old sandwich. The only alleged connection Ducree has with the case is that Williams contacted him after the incident and after he had received medical treatment. Without some personal action or connection which would render Sheriff Gusman or Ducree liable under § 1983, Williams's claims against Sheriff Gusman and Ducree as supervisory officials are frivolous and otherwise fail to state a claim for which relief can be granted.

Williams also has not alleged that he has suffered any constitutional injury directly resulting from any order, training, or other policy implemented by Sheriff Gusman or Ducree which would create liability under § 1983. *See* Johnson *v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

C.      **Arimark Food Services**

Williams has also asserted claims against Arimark as a result of his receiving the day-old sandwich because Arimark is the company contracted by OPSO and Sheriff Gusman to provide the food services. As such, Williams is asserting claims against Arimark in its supervisory capacity.

The Court first recognizes that Arimark is the private corporation contracted to operate the food services within Orleans Justice Center, and the company and its employees are subject to liability as state actors under § 1983.  *See Bishop v. Karney*, 408 F. App'x 846, 848 (5th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 49-50, 54-57 (1988)); *accord Filarsky v. Delia*, 566 U.S. 377, 383-84 (2012) (a private individual retained by the state government to carry out its work can be sued as a state actor under § 1983). However, in this case, Williams cannot state a claim against Arimark merely in its supervisory role over its employees.

Williams's attempt to hold Arimark liable for its supervisory role or a theory of vicarious liability is simply not allowed in an action filed pursuant to § 1983.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Sears ex rel. Sears v. Lee*, No. 08-3418, 2010 WL 324385, at *3-5 (E.D. La. Jan. 20, 2010); *see Watts v. Burke*, No. 15cv99, 2016 WL 1389613, at *2 (S.D. Ms. Apr. 7, 2016) (corporate prison medical service not vicariously liable for the acts of its employees).   Williams also has not alleged that he suffered any injury directly resulting from any order, training, or other policy implemented by Arimark that would create a vicarious liability under § 1983.  *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Williams has not alleged any act or policy of Arimark which could form the basis of liability under § 1983 for the acts of its employees. His claims against Arimark must be dismissed as frivolous and otherwise for failure to state a claim pursuant to § 1915, § 1915A and § 1997e as applicable.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Ryan Keith Williams's § 1983 claims against Orleans Parish Sheriff's Office, Sheriff Marlin N. Gusman, Timothy Ducree, and Arimark Food Services be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 26th day of July, 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.